[S. F. No. 2925. In Bank. — October 31, 1901.]

EDOUARD CHEVASSUS, etc., Substituted for ABEL GUY, Executor of Adolph Gronfier, Deceased, v. LEVI BURR et al., Respondents.

MOTION TO DISMISS APPEAL — FAILURE TO FILE TRANSCRIPT — CERTIFICATE OF CLERK — AFFIDAVIT FOR RESPONDENT. — A motion to dismiss an appeal for failure to file the transcript within time must be heard upon the certificate of the clerk, and an affidavit for the respondent cannot be considered for the purpose of determining the character of the records kept by the clerk, or from what order the appeal was taken.

ID. — INSUFFICIENT SHOWING AS TO ATTORNEYS — SERVICE OF NOTICE OF APPEAL. — Where the certificate of the clerk fails to state, and it does not otherwise appear, who were the attorneys for the respective parties, or who was the attorney by whom the notice of appeal was given, the showing upon that subject is insufficient to sustain the motion to dismiss the appeal for failure to file the transcript.

ID. — SERVICE OF MOTION UPON EXECUTRIX NOT SUBSTITUTED — ESTATE OF APPELLANT NOT BROUGHT IN. — Where the action was commenced by an executor of the will of a deceased person, and the appellant was substituted for such executor, and died after the appeal was taken, an acknowledgment of service, made by his executrix, of the motion to dismiss the appeal, without any substitution of such executrix, or any showing that she represented the original estate, is insufficient to bring the original estate interested as appellant before the court.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco dismissing an action. The notice of the motion was addressed to Louise R. Chevassus, executrix of the estate of Edouard Chevassus, de-

ceased, appellant, and she acknowledged, in writing, service of the motion, *in pro. per.*, as such executrix. Further facts are stated in the opinion of the court.

T. M. Osmont, for Respondents.

HARRISON, J. — Motion to dismiss the appeal for failure to file the transcript within the time prescribed by the rules of this court. The motion is presented upon a certificate of the county clerk and an affidavit of Morgiana Sammis, one of the respondents.

The suit is in ejectment, and a judgment of dismissal was entered in the superior court, June 22, 1897. An order denying a motion to vacate this order of dismissal was made October 1, 1897. The notice of appeal was filed November 29, 1897. The affidavit on behalf of the respondents states that this notice was of an appeal from the order denying plaintiff's application to vacate said order of dismissal, but in the clerk's certificate it is stated that the notice of appeal was from the order of dismissal, and that the order of October 1st was an order denying the defendants' motion to vacate the order of dismissal. As the certificate of the clerk is the evidence upon which, by the rules of this court, the motion is to be heard, the affidavit cannot be considered for the purpose of determining the character of the records kept by the clerk, or from which order the appeal was taken. It also appears from the certificate of the clerk that the action was commenced by Abel Guy, as executor of the last will and testament of Adolph Gronfier, deceased, and that Edouard Chevassus had been substituted in place of said Guy; and it appears from the affidavit of Sammis that Chevassus died after the appeal was taken, and that Louise C. Chevassus had been appointed by the superior court as executrix of his last will and testament. The certificate of the clerk fails to state, and it does not otherwise appear, who were the attorneys of the respective parties (see *Camenzind* v. *Kampfen*, 130 Cal. 596), or the attorney by whom the notice of appeal was given, the only statement in reference thereto being that the service of said notice was made "upon defendants' attorney, Walter H. Levy, Esq., as appears by his acknowledgment of service on that date, indorsed upon said notice of appeal." From this it would be inferred that the appeal was taken by the plaintiff from an order denying his own motion,

rather than from one denying a motion made by the defendants. It is not shown, however, that the notice of the present motion was given to the attorney by whom the notice of appeal was given, and there is no evidence of any notice thereof to the appellant, except the admission, indorsed thereon, of a receipt of the notice by "Louise C. Chevassus, executrix of the estate of Edouard Chevassus, decd." It is not shown that there has been any substitution in the superior court in the place of the deceased, Edouard Chevassus, to represent the appellant, and as his executrix would not of necessity become the executrix of the will of Gronfier (Code Civ. Proc., sec. 1353), her admission of a receipt of the notice of this motion is insufficient to bring the estate of Gronfier, as the appellant herein, before this court.

The motion is denied, without prejudice to the right of the respondents to renew the same.

Van Dyke, J., Temple, J., McFarland, J., Garoutte, J., and Beatty, C. J., concurred.